IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DON JOLE )
)
v. ) No. 3-11-0882
)
LORI APPLE; and JENNIFER )
SPRIGGS )

O R D E R

Pending before the Court is the plaintiff's motion for entry of order regarding the applicability of Administrate Order No. 174, to which no response has been filed. Failure to file a response indicates that there is no opposition to the motion. See Local Rule 7.01(b).

Therefore, the plaintiff's motion (Docket Entry No. 27) is GRANTED as unopposed.

The parties shall comply with paragraphs 4, 6, 8, 9, and 10 of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007, and are exempted from the other provisions of that order.

In the motion, the plaintiff also seeks an award of attorney's fees to be assessed against defendant Apple for the time incurred in preparing the motion and accompanying affidavit. The circumstances underlying this motion are different from the traditional motions to compel or motions for a protective order usually contemplated by Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.01. However, Rule 37(b)(2)(A) provides that sanctions may be imposed for failure to obey a discovery order and Rule 16(f) provides that sanctions may be imposed for failure to obey a scheduling or pretrial order. As plaintiff's counsel repeatedly pointed out to counsel for defendant Apple, by order entered November 7, 2011 (Docket Entry No. 18), the parties were directed to file, by December 12, 2011, a joint notice of the applicability of Administrative Order No. 174, indicating whether the order should govern ESI discovery, whether only certain portions of the order should govern ESI discovery, whether the parties have agreed to an alternative protocol for ESI discovery, and/or whether they should be exempted from the application of the order.

Plaintiff's counsel took the laboring oar in drafting a proposed joint notice (Docket Entry No. 28-1) in compliance with the order, sought and obtained the agreement of counsel for defendant Spriggs, and attempted on several occasions to obtain the agreement of counsel for defendant Apple, who simply did not respond to the plaintiff. See Docket Entry Nos. 28-1, 28-2, and 28-3.

Under the circumstances outlined above, the Court finds that an award of attorney's fees against counsel for defendant Apple is appropriate pursuant to Rule 16(f)(1)(C) and Rule 37(b)(C) of the Federal Rules of Civil Procedure.[1] Such an award shall, however, be limited to the time plaintiff's counsel spent actually preparing and filing the motion and accompanying declaration, and shall not include the time spent communicating or attempting to communicate with counsel for defendant Apple prior to preparing the motion.

If the plaintiff wants to pursue an award of fees, he shall file an affidavit outlining with specificity the time incurred in preparing and filing the motion and his hourly rate.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] Although the plaintiff sought an award against defendant Apple, there is no indication that defendant Apple played any role in counsel's failure to communicate and cooperate with plaintiff's counsel.