IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DON JOLE )
)
v. ) No. 3-11-0882
)
LORI APPLE; and JENNIFER )
SPRIGGS )

TO: The Honorable Todd J. Campbell, District Judge

REPORT AND RECOMMENDATION

By order entered December 17, 2012 (Docket Entry No. 54), the motion filed by defendant Jennifer Spriggs for sanctions (Docket Entry No. 53) was referred to the Magistrate Judge for determination.[1]

I. Procedural History

This case was originally filed on September 16, 2011, against defendants Lori Apple and Jennifer Spriggs, asserting federal question and supplemental jurisdiction over claims for invasion of privacy (Count I), violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 (Count II), violation of the Tennessee Wiretapping Act ("TWA"), Tenn. Code Ann. §§ 39-13-601 et seq. (Count III), violation of the Tennessee Personal and Commercial Computer Act of 2003 ("TPCCA"), Tenn. Code Ann. §§ 39-14-601 et seq. (Count IV), conversion (Count V), violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030 et. seq. (Count VI), and civil

---

[1] The Court of Appeals for the Sixth Circuit has found that Magistrate Judges must address any post-dismissal motion for sanctions, fees and costs by Report and Recommendation and cannot rule on any such motion by order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure or 28 U.S.C. § 636(b)(1)(A). Massey v. City of Ferndale, 7 F.3d 506 (6th Cir. 1993); Bennett v. General Caster Serv. of N. Gordon Co., 976 F.2d 995 (6th Cir. 1992).

conspiracy (Count VII).² As the Court succinctly summarized the factual backdrop of the case, the plaintiff alleged in her complaint that the defendants "committed cybercrimes and torts against Plaintiff out of revenge because Plaintiff has severed a relationship with Defendant Spriggs and had spurned Defendant Apple's advances." Docket Entry No. 25, at 1. In his complaint, the plaintiff cites the following alleged wrongful acts undertaken by the defendants:

> accessing Jole's Paypal account without authorization; accessing Jole's student loan account without authorization; stealing photographs from Jole's computer, conspiring to hack Jole's computer; conspiring to hack Jole's Google email account; acquiring personal and confidential information regarding Jole's family and extended family; conspiring to burn Jole's "Ford book" containing his one-of-a-kind modeling portfolio; conspiring to have Jole arrested for DUI; conspiring to release anonymously alleged damaging photos and other personal information regarding Jole; and accessing and tampering with Jole's business website without authorization.

Docket Entry No. 1, at 2, ¶ 8.

As relief, the plaintiff sought actual, compensatory, and punitive damages and recovery of his attorney's fees and costs. Docket Entry No. 1, at 19.

Defendant Apple filed an answer to the complaint (Docket Entry No. 14), and defendant Spriggs filed an answer and counter-claim and amended answer and counter-claim, asserting a claim for abuse of process against the plaintiff for his having filed this lawsuit against her without "seeking to obtain damages" for the sole purpose of harassing her into dismissing her state lawsuit against the plaintiff for assault. Docket Entry Nos. 6 and 19, at 6-7. The plaintiff's motion to dismiss the counter-claim (Docket Entry No. 10) was granted by order entered November 15, 2011 (Docket Entry No. 24), and the counter-claim filed by defendant Spriggs was dismissed.

On November 7, 2011, defendant Spriggs filed a motion to dismiss three of the six counts asserted against her, specifically, the claims for violation of the TWA, the TPCCA, and the CFAA (Docket Entry No. 16). Defendant Spriggs did not seek dismissal of the counts for invasion of privacy, violation of the SCA, or civil conspiracy. By order entered December 8, 2011 (Docket Entry No. 26), the motion was granted to the extent that the plaintiff's claim for violation of the

---

² All seven counts were asserted against defendant Apple, but the conversion count (Count V) was not asserted against defendant Spriggs.

TWA was dismissed, but denied to the extent that the defendant sought dismissal of the plaintiff's claims for violation of the TPCCA and the CFAA.

The plaintiff and defendant Apple participated in a settlement conference on May 30, 2012, but defendant Spriggs declined to participate. At the conclusion of the settlement conference, a settlement was reached between the plaintiff and defendant Apple and a proposed agreed order of dismissal filed on and the plaintiff's claims against defendant Apple dismissed on June 5, 2012. See Docket Entry Nos. 47-48.

On August 9, 2012, the plaintiff filed a motion for voluntary dismissal of his claims against defendant Spriggs (Docket Entry No. 49), in which he indicated that defendant Spriggs had no objection to the motion. The plaintiff's claims against defendant Spriggs were dismissed by order entered August 10, 2012 (Docket Entry No. 51). Defendant Spriggs filed the instant Rule 11 motion on December 16, 2012.

## II. The Parties' Contentions

Defendant Spriggs argues that the plaintiff and his counsel "should have known" that she never committed the tort of invasion of privacy because there was no allegation that she intruded into the "seclusion" of the plaintiff, inasmuch as defendant Spriggs "never accessed any email, papers or anything else of Jole's." Docket Entry No. 53, at 2. Similarly, defendant Spriggs argues that the complaint does not allege that she accessed the plaintiff's email as support for the SCA and TPCCA claims. Defendant Spriggs also contends that there are no allegations in the complaint that she shared unauthorized information with a third party or that the plaintiff suffered damages by losing his ability to use his computer and other information, as required to support a CFAA claim. Finally, defendant Spriggs maintains that there is no evidence of "any conspiracy by Spriggs to do anything alleged in the Complaint to Jole," and no evidence that she conspired to hack into his email, as required to support a civil conspiracy claim. Other than indicating that it was dismissed, counsel for defendant Spriggs did not address the TWA claim.

3

In response to the Rule 11 motion, plaintiff's counsel sets forth in much detail the factual investigation and legal research that he took before filing this lawsuit on September 16, 2011, to assure himself that he had a reasonable basis for the claims asserted in the complaint, including a fifteen page, single-paced "Litigation Analysis" reviewed by a partner in his law firm. See Docket Entry No. 56, at 4-7; Docket Entry No. 57, at 1-4. Significantly, plaintiff's counsel explained that on or about January 23, 2012, defendant Spriggs served him with a Rule 11 motion, and that thereafter he advised her attorney that he did not intend to pursue the TPCCA and CFAA claims unless discovery revealed evidence of computer hacking. Plaintiff's counsel also represented that, after such discovery, he emailed counsel for defendant Spriggs on May 12, 2012, and July 31, 2012, that he would not pursue those claims. Docket Entry No. 56, at 8; Docket Entry No. 57, at 4-5.[3]

However, plaintiff's counsel contends that he had viable claims against defendant Spriggs for invasion of privacy and civil conspiracy and the SCA claims because those claims were warranted by existing law and there was evidentiary support for the factual contentions underlying those claims. See Docket Entry Nos. 11-17. He further maintains that he had an objectively reasonable basis for asserting claims under the TPCCA and CFAA. Plaintiff's counsel did not specifically address the TWA claim that was dismissed by order entered December 8, 2011.

Defendant Spriggs did not file a reply or seek to file a reply to the plaintiff's response.

### III. Rule 11

Rule 11(b) of Rules of Civil Procedure provides as follows:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[3] The parties have not attached copies of defendant Spriggs' original Rule 11 motion sent to plaintiff's counsel in January of 2012, any communication from counsel for defendant Spriggs that might have accompanied the copy of the motion, or the emails plaintiff's counsel sent in response. See Docket Entry No. 57, at 5 n.1.

> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Rule 11(c) provides that sanctions may be imposed if the Court finds that there has been a violation of Rule 11. However, Rule 11(c)(2) provides a safe harbor provision requiring the moving party to have first served the Rule 11 motion on opposing counsel to allow opposing counsel to withdraw or make the appropriate correction to any challenged claim. If such claim has not been withdrawn or corrected within 21 days after service of the motion (or by another time set by the court), the moving party may file the motion.

Rule 11(c)(2) provides that "[i]f warranted," the Court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred by the prevailing party in bringing or defending the motion. In addition, Rule 11(c)(4) provides that a Rule 11 sanction must "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and may include nonmonetary directives, a penalty to be paid to the Court, or payment to the movant of part or all of the reasonable attorney's fees and expenses "directly resulting from the violation."

## IV. Discussion

The plaintiff's TWA claim, dismissed by order entered December 8, 2011, is not at issue in this motion because the claim was dismissed before the Rule 11 motion was served on plaintiff's counsel.[4] In the December 8, 2011, order, the Court also found that the plaintiff had alleged

---

[4] Although counsel for defendant Spriggs did not indicate when the motion was served--or in fact did not even mention his compliance with the safe harbor provision of Rule 11--counsel for defendant Spriggs attests that counsel for defendant Spriggs served the motion on or around January 23, 2012. See Docket Entry No. 57, at 4, ¶ 13.

sufficient facts supporting claims for violation of the TPCCA to survive a motion to dismiss and that the plaintiff had sufficiently alleged a violation of the CFAA to survive a motion to dismiss.

Defendant Spriggs contends that, to establish a violation of the TPCCA, the plaintiff had to allege that defendant Spriggs accessed the plaintiff's accounts or email. Docket Entry No. 53, at 3. However, the plaintiff cites to the allegation in his complaint that defendant Spriggs "intentionally and without authorization accessed, caused to be accessed, and attempted to access Jole's phone, computer, Paypal account, business website and student loan account for the purpose of maliciously gaining access to computer material." Docket Entry No. 1, at 17, ¶ 69.

Defendant Spriggs contends that, to establish a violation of the CFAA, she must have accessed the plaintiff's accounts or email and shared unauthorized information with a third party, and that the CFAA requires that the plaintiff suffered damages by the loss of his ability to use his computer and other information. Again, the plaintiff refers to the allegations in the complaint that the defendants knowingly and with intent to defraud and without authorization accessed the plaintiff's accounts and email. Docket Entry No. 1, at 18-19, ¶ 71. The plaintiff also contends that he had sufficient support to contend that defendant Spriggs "caused to be made unauthorized copies of computer data," specifically, photographs that defendant Spriggs "desired to remove from Plaintiff's computer that were provided to her by Apple." Docket Entry No. 56, at 18. In addition, the plaintiff explains that he had evidentiary support for his contention that both defendants hacked or attempted to hack into his computer or email account. Id. at 18-19.

Regardless of the strength of the plaintiff's factual assertions in support of his TPCCA and CFAA claims, the plaintiff agreed not to pursue those claims unless discovery revealed more factual support. When discovery was concluded, the plaintiff informed counsel for defendant Spriggs that he would not pursue those claims. Defendant Spriggs does not dispute that plaintiff's counsel made those representations.

Rule 11 sanctions are not available to a party when counsel for the opposing party, after having been served with a safe harbor notice, re-evaluates his position and advises that he will not

pursue the claims at issue.[5] The re-evaluation and analysis of whether to pursue such claims is the whole purpose of the safe harbor provision and its goal was effectively met in this case.

The Court agrees with the plaintiff that he alleged and had a good faith belief that defendant Spriggs had accessed his accounts and email without authorization. The SCA provides a criminal penalty for the following conduct:

> [W]hoever--(1) intentionally accesses without authorization a facility through which an electronic communication services is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished . . . .

18 U.S.C. § 2701(a). However, 18 U.S.C. § 2707(a) provides a civil cause of action under the same circumstances and section 2707(c) provides statutory damages for violation of section 2701(a). See Cardinal Health 414, Inc. v. Adams, 582 F.Supp.2d 967, 975-76 (M.D. Tenn. 2008) (Trauger, J.).

The Court also agrees with the plaintiff that the factual allegations asserted by the plaintiff in his complaint set forth "unreasonable intrusion" into his private affairs sufficiently supporting a claim of invasion of privacy under the definition provided in Givens v. Mullikin, 75 S.W.3d 383 (Tenn. 2002). In Givens, the Tennessee Supreme Court cited with approval the language of the Tennessee Court of Appeals in Roberts v. Essex Microtel Assocs., II, L.P., 46 S.W.3d 205, 211-12 (Tenn.Ct.App. 2001) (quoting Restatement (Second) of Torts § 652B), that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person. 75 S.W.3d at 411. The plaintiff also cites a law review article noting that the Restatement (Second) of Torts, quoted in Givens, does not require proof of damages as an element of a claim of invasion of privacy. See Docket Entry No. 56, at 13.

---

[5] Although it is not clear whether plaintiff's counsel first responded to counsel for defendant Spriggs within the 21 day safe harbor time frame, counsel for defendant Spriggs did not file his Rule 11 motion until well after plaintiff's counsel had, on at least two occasions, advised that the plaintiff would not pursue these claims.

7

Defendant Spriggs maintains that there was no allegation that she intruded into the "seclusion" of the plaintiff, as required by West v. Media Gen. Convergence, Inc., 53 S.W.#d 640 (Tenn. 2001), inasmuch as defendant Spriggs "never accessed any email, papers or anything else of Jole's." Docket Entry No. 53, at 2. Although defendant Spriggs correctly quoted the four categories of invasion of privacy set out by the Supreme Court in West.[6] However, the complaint does contain allegations that defendant Spriggs accessed the plaintiff's email.

The Court further finds that the plaintiff's allegations sufficiently support a claim for civil conspiracy as defined by the Tennessee courts in Chenault v. Walker, 36 S.W.3d 45, 52 (Tenn. 2001), and Kincaid v. SouthTrust Bank, 221 S.W.3d 32, 38 (Tenn.Ct.App. 2006).

The plaintiff contends that he had "ample evidentiary support for the factual contentions" in his complaint supporting his SCA claim, and his claims for invasion of privacy and civil conspiracy. See Docket Entry No. 56, at 15-17. The Court agrees and defendant Spriggs has not disputed that the plaintiff made the factual allegations as he cited in his response to the motion.

## V. Attorneys' Fees and Other Relief

Defendant Spriggs asks that the plaintiff, his attorney and his attorney's current law firm be sanctioned and required to pay her attorney's fees and costs incurred in defending this lawsuit.[7] Defendant Spriggs also seeks dismissal of the case against her as a sanction. That request is puzzling since the plaintiff's claims against defendant Spriggs were dismissed on August 10, 2012, four months before the Rule 11 motion was filed.[8]

---

[6] In West, the Tennessee Supreme Court recognized that false light invasion of privacy was a distinct, actionable tort. See Cross v. Metropolitan Gov't of Nashville/Davidson Cnty., 2013 WL 1899169 (M.D. Tenn. May 7, 2013) (Campbell, J.).

[7] Counsel for defendant Spriggs did not indicate the amount of attorney's fees and costs he sought.

[8] The Court assumes that counsel for defendant Spriggs simply filed the same motion he had sent to plaintiff's counsel in January of 2012, while the case was still pending.

The plaintiff seeks an award of reasonable attorney's fees and costs against defendant Spriggs in the event that the defendant's motion is denied and further seeks Rule 11 sanctions against defendant Spriggs because of misstatements of the allegations in the complaint, see Docket Entry No. 56, at 21 n.6, and misstatements of the applicable law, see Docket Entry No. 56, at 21 n.7, for calling the plaintiff a gigolo in her motion, and for filing the motion after the plaintiff had informed counsel for defendant Spriggs that the plaintiff would not pursue the TPCCA and CFAA claims.[9]

## VI. Conclusions

While the support for the plaintiff's claims against defendant Spriggs under the TPCCA and CFAA may not be overwhelming, the plaintiff essentially withdrew those claims after receipt of the defendant's safe harbor notice. The Court further finds that there were sufficient allegations and sufficient factual and legal support for the remainder of his claims against defendant Spriggs.

In sum, plaintiff's counsel made a reasonable, extensive and thorough inquiry of both the facts and the law prior to filing this lawsuit, and the claims were warranted by existing law and the factual contentions had ample evidentiary support. Finally, defendant Spriggs has not persuaded the Court that the claims were brought against her for an improper purpose.

However, the Court should exercise its discretion and decline to award attorney's fees to the plaintiff as the prevailing party. Citing to the Advisory Committee Notes to the 1993 amendment to Rule 11, the plaintiff urges the Court to impose Rule 11 sanctions against counsel for defendant Spriggs. The Court also finds that such sanctions should not be imposed. The time has come to put this matter to rest and for the parties to fully extricate themselves from each other and their claims against each other.

---

[9] Counsel for defendant Spriggs did not file nor seek to file a response to the plaintiff's request for Rule 11 sanctions.

## RECOMMENDATION

For the reasons set forth above, the Court respectfully recommends that the motion of defendant Spriggs for sanctions (Docket Entry No. 53) be DENIED, that the plaintiff's request for Rule 11 sanctions be DENIED, and that the plaintiff's request for an award of attorney's fees and costs against defendant Spriggs be DENIED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge